IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV470-03-MU

OLIVER BROOKS, JR., )
)
    Petitioner, )
)
v. ) **O R D E R**
)
RANDALL LEE, Supt. Of Caledonia
Correctional Inst., )
)
    Respondent. )
_____ )

**THIS MATTER** comes before the Court on review of Petitioner Oliver Brooks' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1).[1]

Petitioner was convicted, after a jury trial, of two counts of statutory sex offense of a thirteen to fifteen year old, one count of indecent liberties with a child, five counts of sexual activity by a substitute parent and two counts of statutory rape in cases 99 CRS 15568-77. Judge Caldwell arrested judgment in the statutory sexual offense conviction in 99 CRS 15569, the sexual activity by a substitute parent conviction in 99 CRS 15575 and the indecent liberties conviction in case 99 CRS 15571. Petitioner was sentenced to four terms of 34-50 months and two terms of 269-332 months imprisonment.

Petitioner filed a direct appeal and the North Carolina Court of Appeals issued an

---

[1] This case was transferred to this district from the Eastern District of North Carolina when the case was fully briefed and ripe for disposition.

unpublished opinion on December 18, 2001. On November 7, 2002 Petitioner dated a Motion for Appropriate Relief and filed it in the Superior Court of Gaston County on November 19, 2002. Judge Caldwell summarily denied Petitioner's MAR on February 13, 2003. Petitioner did not seek review of Judge Caldwell's denial of his MAR. Indeed, Petitioner admits on page 5 of his federal habeas petition that he did not seek appellate review of the denial of any petitions, applications or motions to the highest state court having jurisdiction.[2]

On November 18, 2005 Petitioner dated the instant Petition which was originally filed in the Eastern District of North Carolina on December 7, 2005 and transferred to this district on November 9, 2006. In his Petition Petitioner alleges: (1) his appellate counsel overlooked "justifiable issues that have arguable merit when he filed the <u>Anders</u> brief on direct appeal; (2) the trial court erred by failing to make an independent review of the record and allowing the state to join all cases for trial and counsel failed to make proper preparations for trial; (3) the trial court committed prejudicial error by denying Petitioner's motion to have another lawyer appointed to replace trial counsel; and (4) the trial court committed plain error by allowing Petitioner to be represented by an inadequate and incompetent counsel.

## ANALYSIS

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

---

[2] The Court notes that Assistant Attorney General Clarence DelForge confirmed this information by contacting the clerks' offices for both the North Carolina Court of Appeals and Supreme Court of North Carolina on February 16, 2006 and was advised that neither court had any record of Petitioner filing a certiorari petition or any other petition other than his direct appeal. Furthermore, Petitioner was on notice since the filing of Respondent's Motion for Summary Judgment of the statute of limitations defense, yet to the undersigned's knowledge, still has not attempted to file a certiorari petition or any other petition.

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Normally, Petitioner's one-year period of limitation would have remained tolled during the entire "gap" period between the denial of his MAR and the filing of a corresponding certiorari petition. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) and Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001). Here, however, as Petitioner admits, he never filed a certiorari petition, in the North Carolina Court of Appeals, seeking review of Judge Caldwell's February 13, 2002 Order denying his MAR. Indeed, there is no legal requirement that state prisoners must file certiorari petition seeking review of the denial of their MAR's. It is purely optional , however by declining to do so, they cannot continue to toll the one-year period of limitations under 28 U.S.C. § 2244(d)(2) in perpetuity.[3] [4]

---

[3] If a prisoner is going to file a certiorari petition following the denial of an MAR, he or she must do so "without unreasonable delay." N.C.R. App. P. 21(c).

[4] Under similar circumstances, the EDNC and then the Fourth Circuit, found a North Carolina prisoner to have defaulted his federal habeas claims under the one-year period of limitations of

The question then becomes, when does the clock begin ticking following the denial of Petitioner's MAR if he did not seek further review. To begin, Petitioner's case became final on direct appeal 35 days after the December 18, 2001 unpublished opinion of the North Carolina Court of Appeals, i.e., Tuesday, January 22, 2002. See N.C.R. of App. P, Rules 14(a) and 15(b) (15 days after issuance of Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review to Supreme Court of North Carolina); Rule 32(b) (unless court orders otherwise mandate issues 20 days after written opinion filed). See 28 U.S.C. § 2244 (d)(1)(A) (judgment final by conclusion of direct review or the expiration of time for seeking such review). Petitioner's one-year period of limitations then ran for 289 days until he dated his pro se MAR on November 7, 2002 and filed it in the Superior Court of Gaston County on November 19, 2002. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post conviction motion for appropriate relief is not tolled from one-year period of limitation). Petitioner had 76 days remaining on his one-year limitations period when his filed his MAR. Petitioner's MAR was denied on February 13, 2003 and he did not seek any further review of the denial of his MAR. Instead, Petitioner waited two years and nine months before filing the instant Petition. Therefore, without deciding when the

---

section 2254(d)(1), even though he filed an MAR and then chose not to file a certiorari petition seeking review of that MAR, before filing his federal habeas petition. See Corbett v. McDade, 42 Fed. Appx 562 (4th Cir.) (unpublished), cert. deied, 537 U.S. 1005 (2002). In Corbet, the state prisoner filed an MAR in 1997 which was denied on February 9, 1998. On March 31, 2001, he filed a federal habeas petition. The Fourth Circuit upheld the dismissal of two of his claims on statute of limitations grounds, notwithstanding the fact that Corbett had not filed a certiorari petition seeking review of the denial of his MAR. Therefore, Corbett confirms, sub silentia that filing a certiorari petitioner seeking review of the denial of an MAR, is purely optional and by declining to do so before filing a federal habeas petition, a North Carolina prisoner does not toll the one-year period of limitations under section 2244 (d)(2) in perpetuity.

4

clock resumed ticking, although this Court would argue that because Petitioner admits that he never sought further review of the denial of his MAR, it resumed when the day his MAR was denied - on February 13, 2003 – and that it fully expired 76 days later, certainly the 76 days expired long before he filed his habeas petition in this Court which was two years and nine months after the denial of his MAR. Therefore, Petitioner's Petition is dismissed as untimely.

Petitioner recognizes that he has a statute of limitations problem. On page 14 of his Petition, he sets forth a lengthy explanation for his delay. Petitioner's explanation can be fairly summarized as asserting: (1) he had no law libraries; (2) he received ineffective assistance of trial and appellate counsel; and (3) he is actually innocent of the crimes. None of Petitioner's assertions demonstrate that his federal habeas petition was timely filed or warrant any form of tolling.

The Fourth Circuit Court of Appeals has stated that equitable tolling is allowed only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

Petitioner's first assertion, that he had no access to law libraries, will not save his petition. See Miller v. Marr, 141 F.3d 976 (10th Cir. 1998) (Petitioner is not entitled to equitable tolling because prison library was inadequate or petitioner did not know about the one-year period of limitations); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)). Next, Petitioner's assertion that he

5

received ineffective assistance of counsel is merely a reassertion of his underlying ground for relief contained in his federal habeas petition. This excuse does not satisfy equitable tolling. The Fourth Circuit has held that district courts must look to the reasons why the petitioner missed the one-year time period and not to the alleged strength of the underlying claims. See Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003) (en banc) ("significance and magnitude" of underlying claims are not considered in determining whether equitable tolling is warranted). Finally, Petitioner contends that he is actually innocent. However, there is no authority in this Circuit that supports Petitioner's contention that actual innocence should toll the one- year AEDPA limitation. Indeed, claims of actual innocence are common, garden variety assertions in federal habeas petitions. See David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) (no "actual innocence" exception to one-year period of limitations).

Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner, and, as outlined above, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely under the AEDPA.[5]

**ORDER**

---

[5] To the extent the Fourth Circuit disagrees with this Court's AEDPA analysis, the Court notes that none of Petitioner's claims have merit. Indeed, all of his claims are conclusory and in any event are procedurally barred for the reasons stated in Respondent's Motion for Summary Judgment. Petitioner's ineffective assistance of counsel claim would be denied pursuant to 28 U.S.C. § 2254 (d) and (e) because the MAR Order was correct and did not reach a result contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e. Strickland v. Washington. Nor was the Order based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceeding.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: November 10, 2008

Graham C. Mullen
United States District Judge